**Per A. Ramfjord, OSB No. 934024**
per.ramfjord@stoel.com
**Kennon Scott, OSB No. 144280**
kennon.scott@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Plaintiff Nike, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NIKE USA, INC., an Oregon corporation,<br><br>        Plaintiff,<br><br>      v.<br><br>BORIS BERIAN, an individual California resident,<br><br>        Defendant. | Case No. 3:16-cv-00743-SB<br><br>**DECLARATION OF BEN CESAR** |

I, Ben Cesar, hereby declare as follows:

1.      I am currently North America Track and Field Athlete Manager for Nike, Inc. Nike, Inc.'s global sports marketing organization is responsible for seeking, building and establishing formal relationships with sports federations, professional sports leagues and elite professional athletes worldwide, primarily through negotiating endorsement and licensing agreements with professional athletes and sports properties.  I submit this declaration in support of Nike USA, Inc.'s ("Nike") Motion for Temporary Restraining Order and Order to Show

Page 1   -   DECLARATION OF BEN CESAR

Cause Why Preliminary Injunction Should Not Issue. The following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Nike is the world's leading innovator in athletic footwear, apparel and equipment. Nike's success has been built in part by forming endorsement relationships with high-profile athletes across the sporting spectrum.

3. I have worked for Nike, Inc. since September 2010. In my current role, I am involved with all aspects of Nike's sports marketing, including the management of relationships with Nike's top track and field athlete, team, league and federation partners.

## The 2015 Contract

4. Boris Berian is a highly successful runner, having finished fourth in the Monaco Diamond League 800 meter event with the fifth-fastest American mark of all time. He also recently won first place in the 800 meter event at the IAAF World Indoor Championships in Portland, Oregon in March and the Prefontaine Classic in Eugene, Oregon in May.

5. As part of Nike's endorsement program, Nike entered into a Track & Field Contract with Mr. Berian on June 17, 2015 (the "2015 Contract"). A redacted true and correct copy of the 2015 Contract is attached hereto as Exhibit 1. The 2015 Contract had a nearly seven-month term, ending on December 31, 2015, and it gave Nike the exclusive right to Mr. Berian's endorsement of athletic footwear and apparel throughout the term.

6. The 2015 Contract also included the following right of first refusal provision:

> During the Contract Period and for a 180-day period thereafter, NIKE shall have a right of first refusal with regard to any bona fide third-party offer received by ATHLETE and which ATHLETE desires to accept. ATHLETE shall submit in writing to NIKE (on the third-party's letterhead) the specific terms of any such offer. NIKE shall have ten (10) business days from the date of its receipt

Page 2   -   DECLARATION OF BEN CESAR

of such third-party offer to notify ATHLETE in writing if it will enter into a new contract with ATHLETE on terms no less favorable to ATHLETE than the material, measurable and matchable terms of such third-party offer.

<u>The New Balance Offer and the 2016 Contract</u>

7. On January 19, 2016, Mr. Berian's agent, Merhawi Keflezighi, emailed me and John Capriotti, Nike, Inc. Global Director of Athletics, an exclusive endorsement offer received by Mr. Berian from New Balance (the "New Balance Offer"). In his email, Mr. Keflezighi noted that Mr. Berian found the offer "agreeable." That same day, Nike responded asking Mr. Keflezighi to resend the offer on official New Balance letterhead, as required by Section 5 of the 2015 Contract. Mr. Keflezighi did so the next day. Redacted true and correct copies of these emails are attached hereto as <u>Exhibit 2</u> and <u>Exhibit 3</u>.

8. Three days later, on January 22, 2016, Mr. Capriotti sent a letter to Mr. Keflezighi unequivocally stating that "NIKE matches the New Balance Offer." A true and correct copy of this letter is attached hereto as <u>Exhibit 4</u>. Nike's letter specifically matched the seven terms in the attachment Mr. Keflezighi had provided, which consisted of a term sheet, providing for (i) a base fee, (ii) travel allowance, (iii) merchandise allotment, (iv) performance bonuses, (v) track time bonuses, (vi) rollover increases to the base fee and (vii) allowing Mr. Berian to compete under the affiliation of his track club. Notably, the New Balance term sheet was not a full written agreement and was silent on a variety of terms that are standard in track and field endorsement contracts, including reductions, which provide for a reduction of an athlete's compensation if the athlete fails to perform his or her obligations under the contract or perform consistent with expectations. To date, Mr. Berian has never provided Nike with any evidence suggesting that the full contractual terms proposed by New Balance did not include such industry-standard reductions.

Page 3   -   DECLARATION OF BEN CESAR

9. On February 15, 2016, I followed up by sending Mr. Keflezighi a written agreement to memorialize the terms of Mr. Berian's new agreement with Nike. It included the seven terms from the New Balance Offer and other standard contractual terms, including industry-standard reductions. After receiving the written agreement, Mr. Keflezighi emailed Nike stating that Mr. Berian "has expressed an interest not to resume a relationship with Nike." A true and correct copy of this email exchange is attached hereto as Exhibit 5.

10. Thereafter, on February 19, 2016, Nike sent a letter to Mr. Berian, stating that, as of January 22, 2016, Mr. Berian was bound by his new agreement with Nike (the "2016 Contract"). A true and correct copy of this letter is attached hereto as Exhibit 6.

11. In addition, on April 12, 2016, Nike wired Mr. Berian payment for all amounts due to Mr. Berian under the 2016 Contract. After the wire was returned, Nike resent the money on May 3, 2016. Just this afternoon, Nike learned that Mr. Berian had attempted to return this second wire. Nike has also provided Mr. Berian with access to an online store for ordering Nike product as permitted for product allowance under the 2016 Contract.

## Mr. Berian's Failure to Abide by His Contracts with Nike

12. Despite his new agreement with Nike, Mr. Berian has been competing in New Balance footwear and apparel. Mr. Berian wore New Balance footwear and apparel while competing at the following events: (1) January 29, 2016 House of Track event in Portland, Oregon, (2) February 14, 2016 New Balance Indoor Games in Boston, Massachusetts, (3) March 11 and 12, 2016 USATF Indoor Track & Field Championships in Portland, Oregon, (4) April 30, 2016 Drake Relays in Des Moines, Iowa and (5) May 28, 2016 Prefontaine Classic in Eugene, Oregon. True and correct copies of images of Mr. Berian competing in New Balance footwear and/or apparel during the term of the 2016 Contract are attached hereto as Exhibit 7.

13. Mr. Berian has publicly declared that he is "unrepresented" and has not publicly entered into an endorsement agreement with New Balance. However, it appears that New Balance recently began sponsoring Mr. Berian's track club, Big Bear Track Club, as evidenced by the New Balance logo appearing on all of the club's apparel. And Mr. Berian has been promoting New Balance via his social media accounts. For example, several of his Tweets and Instagram posts from March, April and May feature New Balance apparel and/or footwear and the hashtags "nbrunning," "NBRunning," and/or "TeamNB." True and correct copies of some of these social media posts are attached hereto as Exhibit 8.

14. Mr. Berian's failure to abide by his contractual endorsement obligations to Nike is of particular concern because two of the most important events in the track and field world are approaching in the coming months. In July, he is set to compete at the U.S. Olympic Team Trials in Eugene, Oregon. And if successful there, he will likely compete at the 2016 Olympics in Rio de Janeiro, Brazil in August. The Olympics and Olympic Trials are held once every four years. Mr. Berian's participation and potential for success in such events make his endorsement a unique marketing and promotional opportunity.

### Nike's Efforts to Resolve Its Dispute with Mr. Berian

15. Despite Mr. Berian's failure to perform his contractual obligations, Nike has worked to resolve this dispute with Mr. Berian ever since it arose in early 2016.

16. Despite these considerations, Nike is enthusiastic about continuing to work with Mr. Berian in the future, and it remains hopeful this matter can be concluded quickly and efficiently, and without substantial disruption to Mr. Berian's training.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 1, 2016.

_____
Ben Cesar
North America Track & Field Athlete Manager
Nike, Inc.

Page 6   -   DECLARATION OF BEN CESAR

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **DECLARATION OF BEN CESAR** on the following named persons on the date indicated below by

- ☒ mailing with postage prepaid
- ☐ hand delivery
- ☐ facsimile transmission
- ☐ overnight delivery
- ☒ email
- ☐ notice of electronic filing using the CM/ECF system

to said persons a true copy thereof, contained in a sealed envelope, addressed to said persons at his or her last-known addresses indicated below.

Mr. Vincent C. Ewing
Alvarez-Glasman & Colvin
Suite 400 - West Tower
13181 Crossroads Parkway North
City of Industry, CA  91746
Email:  VEwing@agclawfirm.com

DATED:  June 1, 2016.

STOEL RIVES LLP

*/s/ Per A. Ramfjord*
PER A. RAMFJORD, OSB No. 934024
per.ramfjord@stoel.com
KENNON SCOTT, OSB No. 144280
kennon.scott@stoel.com

Page 1   -   CERTIFICATE OF SERVICE