## TRACK & FIELD CONTRACT

THIS IS A CONTRACT made and entered into by and between **BORIS BERIAN** ("ATHLETE") and NIKE USA, Inc. ("NIKE"), located at One Bowerman Drive, Beaverton, Oregon 97005, with regard to the endorsement of NIKE Products and the NIKE brand.  The parties agree as follows:

1.  **TERM.** The "Contract Period" shall be from June 17, 2015 to December 31, 2015.

2.  **GRANT OF ENDORSEMENT RIGHTS.**   REDACTED

3.  **USE/SUPPLY OF NIKE PRODUCT.**  ATHLETE shall wear and/or use exclusively "NIKE Products" (i.e., Products bearing NIKE Identification) while participating in all athletic or athletic-related activities, including but not limited to all track & field/road racing competitions and/or meets and related press conferences; training, practices, exhibition games and skills competitions; sports-related camps or clinics, meetings, interviews, autograph sessions and promotional appearances, whether or not on behalf of NIKE; and all other occasions during which ATHLETE wears Products or poses for track & field/road racing photographs.                                 REDACTED

4.  **APPEARANCES.**        REDACTED

5.  **RIGHT OF FIRST DEALING & REFUSAL.**  Until sixty (60) days prior to the expiration of this Contract, ATHLETE shall not engage in negotiations with any third-party regarding ATHLETE's endorsement of Products of such third-party.  During the Contract Period and for a 180-day period thereafter, NIKE shall have a right of first refusal with regard to any bona fide third-party offer received by ATHLETE and which ATHLETE desires to accept.  ATHLETE shall submit in writing to NIKE (on the third-party's letterhead) the specific terms of any such offer.  NIKE shall have ten (10) business days from the date of its receipt of such third-party offer to notify ATHLETE in writing if it will enter into a new contract with ATHLETE on terms no less favorable to ATHLETE than the material, measurable and matchable terms of such third-party offer.

6.  **COMPENSATION.**  NIKE shall compensate ATHLETE as set forth in the attached Compensation Schedule.

7.  **REPRESENTATIONS, WARRANTIES, COVENANTS.**             REDACTED

8.  **RIGHT TO EXTEND, REDUCE, AND PRORATE BASE COMPENSATION.**

    (a)  If for any reason ATHLETE fails to compete in IAAF-sanctioned competition for a period of one hundred twenty (120) days or more (the "Suspension Period"), then NIKE shall have the right, in its sole discretion, to withhold payment(s) of all or any portion of Base Compensation (as set forth in the attached Compensation Schedule) to be paid during the Suspension Period and/or require reimbursement of all or any portion of Base Compensation paid during the Suspension Period (such reimbursement to be made to NIKE within thirty (30) days of notice to ATHLETE).  In addition, NIKE may elect, upon written notice to ATHLETE at least sixty (60) days prior to the expiration of the Contract Period, to extend the Contract Period by the amount of time equal to the Suspension Period (the "Extension Term").  If NIKE so elects, then during the Extension Term, NIKE shall pay ATHLETE the Base Compensation, if any, withheld and/or reimbursed with respect to the Suspension Period (subject to any reductions applicable during such Suspension Period).  Further, without prejudice to any other right NIKE may have hereunder, if for any reason ATHLETE fails to compete in IAAF-sanctioned competition for one hundred eighty (180) days or more, then NIKE shall have the option to terminate this Contract pursuant to Paragraph 9 below. In addition to the foregoing, NIKE may, in its sole discretion, reduce ATHLETE's Base Compensation as set forth in the attached Compensation Schedule.

(b)  In the event NIKE exercises any right of proration/reduction under this Contract: (i) such proration/reduction shall be effective as of the date of the next regularly scheduled payment, unless otherwise indicated; (ii) such proration/reduction shall remain in effect for the remainder of the Contract Period, unless otherwise indicated; and (iii) NIKE shall have the right to either withhold payment(s) of Base Compensation or require reimbursement of Base Compensation, if any, paid in excess of the amount to which ATHLETE would be entitled after such proration/reduction (such reimbursement to be made to NIKE within thirty (30) days of notice to ATHLETE). All rights of proration and reduction under this Contract shall be cumulative and may be applied irrespective of other reductions or prorations already made for that Contract Year.

9.  RIGHTS OF TERMINATION.                    REDACTED

10.  OWNERSHIP OF NIKE MARKS, ETC.                    REDACTED

11.  GOVERNING LAW; JURISDICTION.  This Contract shall be governed by and construed in accordance with the laws of Oregon and any suit or action arising hereunder shall be filed in a Court of competent jurisdiction within Oregon. The parties hereby consent to personal jurisdiction within Oregon and to service of process by registered or certified mail addressed to the respective party as set forth below. In the event ATHLETE breaches any material term of this Contract, in addition to any and all other remedies available at law or in equity, NIKE shall be entitled to injunctive relief from further violation of this Contract, during any litigation as well as on final determination thereof, without prejudice to any other right of NIKE hereunder or otherwise.

12.  MISCELLANEOUS.                    REDACTED

IN WITNESS WHEREOF, this Contract has been fully-executed as of the date indicated below.

ATHLETE SIGNATURE                                        NIKE USA, Inc.

Address: 9836 Main Street                                John Capriotti,
Rancho Cucamonga, CA 91730                    VP, Global/NA Sports Marketing - Athletics

                                                         Date: 7·1·15

## COMPENSATION SCHEDULE

**BASE COMPENSATION:** NIKE shall pay ATHLETE annual Base Compensation as indicated below in the amount set opposite the indicated Contract Year (subject to Paragraph 8 and any withholding obligations required by law) in equal quarterly installments due on the first day of each calendar quarter, except that the first installment shall be due within (30) days of full execution of this contract.

REDACTED

1ˢᵗ Contract Year (2015)

**ANNUAL MERCHANDISE CREDIT:**    REDACTED

**TRAVEL/PHYSIO CREDIT:**    REDACTED

Cesar Declaration
Exhibit 1, Page 3 of 5

06/18/2015  11:44    9098784647                    THE UPS STORE 3568                    PAGE  04/05

**PERFORMANCE BONUSES**

**REDACTED**

REDACTED