IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NIKE USA, INC., an Oregon corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BORIS BERIAN, an individual California resident,<br><br>　　　　Defendant. | Case No. 3:16-cv-00743-SB<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

THIS MATTER came before the Court on June 7, 2016 on Plaintiff Nike USA, Inc.'s ("Nike") (1) Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue and (2) Motion For Expedited Preliminary Injunction Hearing and Related Discovery (together, the "Motions"). Having fully considered the parties' submissions and arguments, the Court finds that:

　　1.　　Nike is likely to succeed on the merits that a contract existed between Nike and Defendant Boris Berian ("Defendant") as of January 22, 2016. In this case, Nike argues that it properly matched an offer from New Balance Athletics, Inc. ("New Balance") to Defendant,

1 – TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

thereby creating a new contract pursuant to Section 5 of the parties' 2015 Track & Field Contract. Nike has shown that it is likely that when, on January 22, 2016, Nike notified Defendant that it agreed to match the terms of the New Balance offer, a contract was formed. Based on the record currently before the Court, it is likely that the resulting contract between Nike and Defendant does not include reductions because the New Balance offer did not include reductions. Regarding the Affiliation Clause (Term VII of the New Balance offer), Nike has shown a likelihood of establishing the clause is unenforceable, at least to the extent that it would allow Defendant to wear Big Bear Track Club footwear and apparel bearing the logo or mark of New Balance. Given the timing of negotiations between the parties and the appearance of the New Balance logo on Big Bear Track Club footwear and apparel, it appears likely that the clause was designed to undermine Nike's contractual rights and expectations. *See Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Oregon Ltd. P'ship*, 76 F.3d 1003, 1007 (9th Cir. 1996) (noting that every contract under Oregon law includes an implied covenant of good faith and fair dealing, and rejecting attempt to avoid right of first refusal provision through an "artifice intended to thwart plaintiff's legitimate contractual expectation.").

2. Nike is likely to suffer irreparable harm in the absence of a temporary restraining order, given Defendant's refusal to recognize an agreement between himself and Nike and the upcoming events in the track and field schedule.

3. The balance of the equities favors Nike in this particular situation. While Defendant's preference to run for another organization may be at risk, his financial wellbeing is not, because Nike is bound to match the terms of the New Balance offer.

4. An injunction is likely in the public interest.

Now, therefore, it is ORDERED that:

2 – TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION

5. Nike's Motions are hereby GRANTED;

6. Defendant is hereby enjoined from competing in the footwear or apparel of any Nike competitor, including but not limited to New Balance, and from endorsing any Nike competitor, on social media or elsewhere, or otherwise taking action contrary to the terms of Nike's January 22, 2016 match of the New Balance offer;

7. Consistent with the Affiliation Clause in the New Balance offer, Defendant may wear Big Bear Track Club footwear and apparel that does not include the logo of any of Nike's competitors, including but not limited to New Balance;

8. Defendant shall appear before this Court on June 21, 2016 at 9:00 a.m. and show cause, if any there be, why a preliminary injunction should not be entered granting the same relief described in paragraphs 6 and 7 during the pendency of this action; and

9. Nike is not required to give security in connection with this order.

//
//
//
//
//
//
//
//
//
//
//

3 – TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

Further, the parties are hereby ORDERED to comply with the following schedule in advance of the preliminary injunction hearing:

10. By 5:00 PM on June 15, 2016, the parties will produce documents in response to document requests.

11. Nike will take the depositions of Defendant and his agent on June 17, 2016, or another date agreed upon by the parties. Nike will take the depositions telephonically, or, if Defendant so prefers, at a location of Defendant's choosing. Each deposition will be limited to two hours on the record.

IT IS SO ORDERED.

Dated this \_\_9\_\_ day of June, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 – TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION